**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ABRAHAM ADKINS,**

                        **Plaintiff,**

                                        **CIVIL ACTION**
            **vs.**                                **No. 06-3155-SAC**

**ROGER WERHOLTZ,**

                        **Defendants.**

<u>ORDER</u>

A prisoner confined in the Larned Correctional Mental Health Facility in Larned, Kansas, presents a pleading seeking relief under 42 U.S.C. § 1983 regarding the alleged denial of due process in a prison disciplinary action.[1] Plaintiff also seeks leave to proceed in forma pauperis in this action pursuant to 28 U.S.C. § 1915.

The Prison Litigation Reform Act enacted in April 1996 substantially altered the manner in which indigent prisoners may proceed in the United States District Courts. Significant to the present case, § 1915 now provides that:

---

[1] Plaintiff styles his pro se pleading as also seeking a writ of mandamus. This court has original jurisdiction of any action in the nature of mandamus to compel "an officer or *employee of the United States or any agency thereof* to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (*emphasis added*). This court's mandamus power does not extend to the state official named as the sole defendant in petitioner's pleading. Plaintiff's request for a writ of mandamus is denied as having no legal basis, and the court proceeds only on plaintiff's claims as asserted under 42 U.S.C. § 1983.

> "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

28 U.S.C. § 1915(g) (as amended April 26, 1996).

Court records in the District of Kansas reflect that plaintiff has filed numerous civil cases and appeals in the federal courts since 1986, and that at least three (3) of those cases were dismissed for failure to state a claim for relief.[2]

Having reviewed the documents submitted by plaintiff in the present action, the court finds nothing to indicate plaintiff is under any "imminent danger of serious physical injury." Accordingly, plaintiff may proceed in this action only if he pays the filing fee of $350.00 that is required for filing this civil action.

---

[2] *See* Adkins v. Sapien, Case No. 04-3391-GTV (dismissed as stating no claim for relief); Adkins v. Sapien, Case No. 04-3392-GTV (dismissed as stating no claim for relief); Fuller v. Unified Government, Case No. 03-3229-GTV (dismissed as stating no claim for relief); Adkins v. Sapien, Case No. 04-3427-GTV (dismissed as stating no claim for relief); Adkins v. Sapien, Case No. 04-3460-GTV (dismissed as stating no claim for relief); Adkins v. Stening, Case No. 04-3469-GTV (dismissed as stating no claim for relief); Adkins v. Stening, Case No. 05-3006-GTV (dismissed as stating no claim for relief).

IT IS, THEREFORE, BY THE COURT ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is denied.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days from the date of this Order to submit the $350.00 filing fee. Failure to pay the full filing fee by that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

DATED:  This 14th day of June 2006 at Topeka, Kansas.


       s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge